37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Argentina Del Socorro RAUDEZ-HURTADA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70771.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Oct. 5, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We cannot review the facts de novo. The petition must be denied unless "the evidence presented by the applicant would compel any reasonable factfinder to reach a contrary result." Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). In this case, reasonable factfinders could differ, so we must affirm.
 
 
 3
 Ms. Raudez-Hurtada was not threatened with physical harm. She was not fired, or told that she would be fired, from the two jobs from which she resigned. Her situation is distinguishable from that of the petitioner in Kovac v. INS, 407 F.2d 102, 104 (9th Cir.1969), whose employers were directly contacted by the Yugoslavian secret police, causing him to lose several jobs and to be turned away when seeking employment.
 
 
 4
 Ms. Raudez-Hurtada established that her food ration card was reduced, eventually to nothing, and that she was denied a Sandinista party letter she needed to get a job. But she did not establish that denial prevented her from getting food or a job. She established at most that she would have to pay more for food and would be excluded from some jobs. The BIA carefully applied our decision in Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985), in reaching its conclusion that the economic discrimination Ms. Raudez-Hurtada suffered was not so severe as to amount to persecution. The BIA said "The respondent has not established that she or her husband, if they had remained in Nicaragua, would have been prevented from pursuing any form of employment whatsoever, so as to be unable to provide for the basic necessities of life." We cannot say that no reasonable factfinder could reach this conclusion. The BIA noted the significant fact that Mr. and Mrs. Raudez-Hurtada left only days after quitting their jobs.
 
 
 5
 A probability of deliberate imposition of substantial economic disadvantage upon an alien may constitute persecution. Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969). However, the economic disadvantage suffered by Ms. Raudez-Hurtada does not rise to the level required to establish persecution. We cannot distinguish the economic discrimination in this case from Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). "The fact that [petitioner] was denied such perquisites as discounts on food and a special work permit for some other type of employment does not establish persecution."
 
 
 6
 A fortiori, Ms. Raudez-Hurtada was not entitled to withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The parties are familiar with the facts, and we will not restate them here